IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEWIS JERNIGAN,

    Plaintiff,

v.                                                             Case No: 5:11-cv-113-RH-GRJ

C ATKINS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner presently incarcerated at Apalachee CI, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), and has been granted leave to proceed as a pauper. Plaintiff identifies himself as a Sunni Muslim, and alleges that Defendants C. Atkins, C. Green, and L. Olsen deprived him of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by substantially burdening his ability to participate in the annual Muslim fasting ritual of Ramadan. Although the undersigned concludes that the claims against C. Atkins and L. Olsen are sufficient to proceed further, it is clear that the Complaint fails to state a claim for § 1983 relief against Defendant C. Green. Accordingly, it is recommended that the claims against C. Green be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Plaintiff's Allegations

The factual allegations of the Complaint may be summarized briefly as follows. Plaintiff alleges that Defendant Olsen, the food service director, and Assistant Warden Atkins declined to provide him with three full meals per day at times when he could consume such meals in accordance with Muslim law during Ramadan (non-daylight

hours).  Plaintiff asserts that he was forced to choose between receiving sufficient calories and adhering to the requirements of his Muslim faith.  Plaintiff alleges that Defendants Olsen and Atkins had actual knowledge of the violation of Plaintiff's right to freely exercise his religion because Plaintiff pursued administrative grievances to Olsen and Atkins at the institutional level.  Plaintiff's sole allegation against Defendant Green stems from the fact that Green was the official at the DOC's Bureau of Inmate Grievances in Tallahassee who received and rejected Plaintiff's administrative remedy appeals.

## Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable

to plausible.").

## Discussion

Under both the Free Exercise Clause of the First Amendment and RLUIPA, a prisoner has a "clearly established . . . right to a diet consistent with his . . . religious scruples," including proper food during Ramadan. *Ford v. McGinnis*, 352 F.3d 582, 597 (2d Cir.2003); *see also McEachin v. McGinnis*, 357 F.3d 197, 203–04 & n. 7 (2nd Cir. 2004) (collecting cases).  Plaintiff's allegation that he was forced to choose between receiving adequate daily calories and observing Ramadan is sufficient to state a claim under the *Twombly* standard against Assistant Warden Atkins and Food Service Director Olsen, the Apalachee officials who knew of Plaintiff's complaints and arguably were in a position to remedy them.

Plaintiff does not, however, state a claim for relief against Defendant Green. Defendant Green is not a prison official at Apalachee, and his sole involvement was to review and deny Plaintiff's administrative grievance at the DOC Secretary's level of review.  "[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009).  Plaintiff makes no factual allegations suggesting that Defendant Green had any personal connection to the alleged violation of Plaintiff's right to a proper diet during Ramadan sufficient to trigger liability under § 1983.

## Conclusion

For the foregoing reasons, the Court concludes that the allegations of the Complaint fail to state a claim against Defendant Green upon which relief may be

granted.  It is respectfully **RECOMMENDED** that the claims against Defendant Green be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).

    **IN CHAMBERS** this 30th day of June 2011.

                                  *s/ Gary R. Jones*
                                  GARY R. JONES
                                  United States Magistrate Judge

### NOTICE TO THE PARTIES

    **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**